UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH ADKINS dba
ADKINS COMPUTER SERVICE,
      Plaintiff,

vs

URANIUM DISPOSITION
SERVICES, LLC,
      Defendant.

Civil Action No. 1:10-cv-460

Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR REMAND (Doc. 7) BE DENIED.**

**I. Procedural History**

Plaintiff Deborah Adkins dba Adkins Computer Service ("Adkins") originally filed this action against defendant Uranium Disposition Services, LLC in the Scioto County, Ohio Court of Common Pleas on June 10, 2010. (Doc. 1-1). She brought two claims. The first claim is for interference with contract. In support of the claim, the complaint alleges that on or about January 5, 2010, defendant signed a purchase order requesting plaintiff's services for computer troubleshooting and other services in the amount of $205,466.00; defendant has interfered with plaintiff doing business with it by hiring away plaintiff's employees and then cancelling the contract without prior knowledge or notice; plaintiff had a history of service with defendant involving similar contracts in the past; defendant has a contract with the federal government, Contract DE-AC05-020R22717; and defendant's interference with plaintiff's performance of the contract and the contract cancellation entitles plaintiff to compensatory and punitive damages. The second claim is a claim for intentional breach of contract. The complaint alleges in support

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

of this claim that defendant breached its contract with plaintiff "wrongfully and without prior knowledge or prior notice." Plaintiff demands judgment "in an amount greater than $25,000.00, but less than $75,000.00, plus costs expended herein."

On July 13, 2010, defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). The Notice of Removal alleges that there is complete diversity of citizenship because Adkins is a resident of Ohio, defendant is a Tennessee limited liability company with its principal place of business in Kentucky, and none of defendant's members are citizens of Ohio for diversity purposes. With regard to the jurisdictional amount, defendant contends that Adkins' request for an amount less than $75,000.00 is not controlling and the amount in controversy actually exceeds this jurisdictional minimum. The Notice states that plaintiff had filed an earlier complaint in the Scioto County Court of Common Pleas on March 24, 2010, based on the same allegations set forth above. (Doc. 1-2). However, she presented only one claim, which was for interference with contract, and demanded judgment "in excess of $25,000.00 plus punitive damages in the amount of $100,000.00, plus costs expended herein." Adkins voluntarily dismissed that action on May 13, 2010, pursuant to Fed. R. Civ. P. 41(a) after defendant had removed it to this Court and then moved to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6). *Adkins v. Uranium Disposition Services, LLC,* Case No. 1:10-cv-263 (S.D. Ohio) (Weber, J.).

On the same date defendant removed this action, it also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Adkins has failed to state a viable cause of action. (Doc. 3). Plaintiff has not filed a response to the motion to dismiss.

On August 10, 2010, plaintiff filed a "Notice of Voluntary Dismissal of All Claims for

2

Punitive Damages." Plaintiff gave notice that she was voluntarily dismissing her claims for punitive damages without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).[2] On that same date, plaintiff filed a document captioned "Memorandum of Plaintiff in Opposition to Removal of Jurisdiction." (Doc. 7). Defendant has filed a response to the memorandum, which construes the memorandum as a motion to remand. (Doc. 9). The Court will likewise construe plaintiff's memorandum as a motion to remand.

Plaintiff argues that this case must be remanded because the amount in controversy requirement is not satisfied. She alleges that although the total amount of the contract in issue is $205,466.00, she is entitled to recover only her lost profits, which are less than $75,000.00. She further alleges that punitive damages are not recoverable in a contract dispute. She claims she has stipulated that absent a prayer for punitive damages, it is not possible for her damages to exceed the jurisdictional minimum.

Defendant argues that it has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. Defendant contends that this case is on point with *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000), where the Court denied the plaintiff's motion to remand even though the plaintiff's complaint sought less than $75,000.00 and the plaintiff had stipulated post-removal that her damages did not exceed that amount. Defendant claims that in calculating the amount in controversy, the Court should consider the potential compensatory damages, punitive damages, and attorney's fees to which Adkins may be entitled. Defendant contends that plaintiff seeks compensatory damages for alleged interference with, and

---

[2]The Notice states that dismissal is pursuant to Fed. R. Civ. P. 41(A)(i), but this is obviously an incorrect citation.

3

breach of, a contract worth $205,466.00, and compensatory damages include plaintiff's attorney's fees as provided by the parties' contract. Defendant further contends that plaintiff may not dismiss her punitive damages claim under Rule 41(a) without dismissing all of her claims; even if she could do so, the dismissal would have no effect on the Court's jurisdictional analysis because jurisdiction must be determined as of the time of removal; punitive damages are recoverable for claims of tortious interference with business and contractual relationships; and even though plaintiff has sought to voluntarily dismiss her punitive damages claim, she may still recover punitive damages pursuant to Ohio Civ. Rule 54(C), which provides that except in the case of a judgment entered by default, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."

## II. Resolution

Title 28 U.S.C. § 1441(a) provides in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than a lack of subject matter jurisdiction must be made within 30 days after the defendant filed a notice of removal under 28 U.S.C. § 1446(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* Removal statutes are to be strictly construed and all doubts should be resolved in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006).

A defendant who seeks to remove a case to federal court has the burden to prove that the district court possesses jurisdiction. *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *overruled on other grounds by Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1191 (2010)). Where the plaintiff seeks to recover some unspecified amount which is not clearly greater nor clearly less than the jurisdictional amount, the defendant must show it is more likely than not that the jurisdictional amount is satisfied. *Gafford*, 997 F.2d at 158.

The Sixth Circuit has held that jurisdiction is determined at the time of removal. *Rogers*, 230 F.3d at 872. However, some district courts in the Sixth Circuit have more recently held that remand is required when a plaintiff executes a post-removal stipulation that caps damages below the $75,000.00 jurisdictional threshold. *See Captain v. Wal-Mart Stores, East, Inc.*, Case No. 1:10-cv-501 (S.D. Ohio 2010) (Weber, J.), Report and Recommendation (Doc. 9) (citing cases); Order Adopting Report and Recommendation (Doc. 11).

This case is distinguishable from *Captain* and the decisions on which it relies in certain critical respects. First, plaintiff Adkins has not submitted a stipulation capping the amount of damages she seeks to recover. Second, there are indications in this case that the amount in controversy exceeds $75,000.00, so that plaintiff potentially could recover more than the amount she demands as relief. Plaintiff initially filed an action in Ohio state court based on the same facts giving rise to the present action. (Doc. 1-2). She specified the value of the contract in issue as $205,466.00, and she did not limit her damages in the prayer for relief but instead demanded judgment "in excess of $25,000.00 plus punitive damages in the amount of $100,000.00, plus costs expended herein." *Id*. After defendant had removed the action to federal court, plaintiff

5

dismissed the case and subsequently re-filed it in state court. (Doc. 1-1). In the second complaint, she again specified the value of the contract in issue to be $205,466.00 and claimed that she was entitled to both compensatory and punitive damages. Although plaintiff limited her demand for relief to $75,000.00, Ohio has a counterpart to Fed. R. Civ. P. 54(c) - Ohio Civ. R. 54(C) - which would have allowed plaintiff to recover more than she prayed for. *See Rogers*, 230 F.3d at 873.

Given the prior history of this case and the allegations of the complaint, the issue is whether defendant has shown that it is more likely than not that the amount plaintiff could recover exceeds the jurisdictional minimum. Plaintiff contends that the amount in controversy requirement is not satisfied because she has withdrawn her claim for punitive damages, and such damages are not recoverable for a breach of contract in any event.[3] However, plaintiff's withdrawal of the punitive damages claim does not reduce the amount in controversy below $75,000.00 under the circumstances of this case. Plaintiff's demand for relief included punitive damages when defendant removed the case, and she has not submitted a post-removal stipulation attempting to limit her damages. Accordingly, the punitive damages amount cannot be disregarded based on plaintiff's post-removal withdrawal of her request for such damages. Plaintiff does not address whether punitive damages are recoverable for a tortious interference with business relations claim, and she therefore has not shown that her punitive damages request should be excluded from the jurisdictional calculation based on the unavailability of such damages.

---

[3]Although defendant contends that plaintiff cannot dismiss only one of her claims against it under Rule 41(a), the Court need not resolve this issue in connection with the motion to remand.

6

Even if the punitive damages request is not taken into account, defendant has shown it is more likely than not that the compensatory damages at issue total at least $75,000.00. Plaintiff asserts that she is entitled to only her lost profits for a breach of contract, which she claims she has indicated are less than $75,000.00. However, plaintiff cites no authority for the proposition that her damages are limited to lost profits. In addition, although plaintiff has capped the amount of damages she seeks in her demand for relief, this does not necessarily mean that $75,000.00 is the full amount of her loss. Moreover, plaintiff does not dispute that she may be entitled to an award of attorney's fees pursuant to ¶ 15 of the parties' contract, which provides that "In any dispute regarding this Order, the prevailing party shall be awarded its reasonable attorney's fees incurred in handling the dispute." (Doc. 9-1, Exh. A). *See Williamson*, 481 F.3d at 376 (attorney's fees are generally excludable in determining the amount in controversy unless they are provided for by contract or are mandated or expressly allowed by statute). Thus, the Court cannot say with any certainty that the compensatory damages plaintiff can potentially recover for defendant's alleged breach of the parties' contract, which is valued at over $200,000.00, are less than $75,000.00.

In sum, based on plaintiff's previous demand and the allegations of the instant complaint, defendant has carried its burden to show that it is more likely than not that the amount in controversy meets the jurisdictional minimum of $75,000.00. Thus, this Court possesses subject matter jurisdiction over this case and remand to state court is not justified.

For these reasons, it is therefore RECOMMENDED that plaintiff's motion to remand be DENIED.[4]

Date: 1/4/2010

Karen L. Litkovitz
United States Magistrate Judge

---

[4]The undersigned expresses no opinion on the merits of defendant's motion to dismiss at this juncture. In the event the District Judge adopts the recommendation to deny plaintiff's motion to remand, defendant's motion, which is unopposed, will be ripe for review.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH ADKINS dba
ADKINS COMPUTER SERVICE,
        Plaintiff,

vs

URANIUM DISPOSITION
SERVICES, LLC,
        Defendant.

Civil Action No. 1:10-cv-460

Weber, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

9