UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH ADKINS, dba
ADKINS COMPUTER SERVICE,
        Plaintiff,

vs.

URANIUM DISPOSITION SERVICES,
LLC,
        Defendant.

Case No. 1:10-cv-460
Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**[1]

        This matter is before the Court on defendant Uranium Disposition Services, LLC's motion to dismiss (Doc. 3), to which plaintiff Deborah Adkins has not responded. For the reasons that follow, the undersigned recommends that the motion to dismiss be granted as unopposed and this action be dismissed with prejudice.

### I. Procedural History

        Plaintiff initiated this action on June 10, 2010, in Scioto County, Ohio Common Pleas Court. (Doc. 4). Defendant removed the case to this Court on July 13, 2010. (Doc. 1). The complaint against defendant seeks compensatory damages in an unspecified amount. (Doc. 4). Defendant alleges as its first claim that on or about January 5, 2010, defendant signed a purchase order requesting computer troubleshooting and other services from plaintiff in the amount of $205,466.00 (*Id.*, at ¶1); defendant interfered with plaintiff's doing business by hiring away plaintiff's employees and then cancelling the contract without prior notice (*Id.*, at ¶2); defendant had a history of service with defendant with similar contracts in the past, and defendant has a contract with the federal government (*Id.*, at ¶¶ 3, 4); and defendant's interference with

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

plaintiff's performance of "said contract and cancellation of said contract" entitles plaintiff to compensatory and punitive damages (*Id.*, at ¶ 5).[2] Plaintiff alleges as its second claim that plaintiff and defendant entered into a contract whereby plaintiff would provide services to defendant in the amount of $205,466.00 and defendant "willfully breached said contract wrongfully and without prior knowledge or prior notice," causing plaintiff financial hardship. (*Id.*, at ¶¶ 7, 8, 9). Plaintiff did not attach a copy of the purchase order, or contract, to the complaint.

On July 13, 2010, the same date it removed the action, defendant filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 3). Defendant argues that the complaint does not state a claim upon which relief can be granted. Defendant contends that plaintiff's claims must fail because: 1) to the extent plaintiff is claiming tortious interference with a business relationship, this claim fails as a matter of law because only a third party can tortiously interfere with a business relationship; 2) insofar as plaintiff claims tortious interference with a contractual relationship, this claim likewise fails because a party to a contract cannot tortiously interfere with its own contract; and 3) the breach of contract claim is fatally flawed because the contract in issue expressly allows defendant to cancel the contract at any time for any reason. Defendant has attached to its motion to dismiss a copy of the purchase order referenced in plaintiff's complaint and an affidavit of defendant's employee, Richard Paton, verifying that the purchase order bears his signature. (Doc. 3-3).

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[2] Plaintiff subsequently voluntarily dismissed her request for punitive damages. (Doc. 6).

2

plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

If, on a motion under Fed. R. Civ. P. 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). However, the Court may consider a document to be part of the pleadings for purposes of the motion to dismiss "when a document is referred to in the complaint and is central to the plaintiff's claim." *Greenberg v. The Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir. 1999) (quoting 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.30[4] (3d ed. 1998)). In such a situation, "the defendant may submit an authentic copy to the court to be considered on a motion to dismiss, and the court's consideration of the document does not require conversion of the motion to one for summary judgment." *Id.* (citing MOORE, *supra*; *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)). A defendant may introduce such a document in its motion to dismiss because "[o]therwise, a plaintiff with a

3

legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Weiner*, 108 F.3d at 89.

This Court is faced with the exact situation that the exception to Fed. R. Civ. P. 12(d) is designed to prevent. Plaintiff makes multiple references to the contract in the complaint (Doc. 4, at ¶¶1, 2, 5, 7, 8, 9), and the contract is central to plaintiff's claims of tortious interference and breach of contract. Although the contract is essential to her claims, plaintiff did not attach a copy of the contract to the complaint. In this situation, it is proper for this Court to consider the contract which defendant has submitted in connection with its motion to dismiss without converting the Rule 12(b)(6) motion into a motion for summary judgment under Fed. R. Civ. P. 56.

### III. Resolution

#### A. Plaintiff's Tortious Interference Claims

The elements of a tortious interference with a business relationship claim under Ohio law are: "(1) a business relationship; (2) the tortfeasor's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." *Verizon Advanced Data, Inc. v. FrogNet, Inc.*, No. 2:05cv955, 2010 WL 1433325, at *9 (S.D. Ohio April 2, 2010) (quoting *Chandler & Assoc., Inc. v. America's Healthcare Alliance, Inc.*, 709 N.E.2d 190, 197 (Ohio Ct. App. 1997)). For a defendant to be held liable for tortious interference with a contract under Ohio law, the plaintiff must show "(1) the existence of a contract, (2) the defendant's knowledge of the contract, (3) the defendant's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages." *Baseball at Trotwood, LLC v. Dayton Professional Baseball Club*, No. 3:98cv260, 2003 WL 25566103, at *5 (S.D. Ohio Sept. 2, 2003) (quoting *Fred Siegel Co., L.P.A. v. Arter & Hadden*,

707 N.E.2d 853, 858 (Ohio 1999)). "[T]he basic principle of a 'tortious interference' action is that one, who without privilege, induces or purposely causes a *third party* to discontinue a business relationship with *another* is liable to the other for the harm caused thereby." *Kirk v. Shaw Environmental, Inc.*, No. 1:09cv1405, 2010 WL 1387887, at *7 (N.D. Ohio March 31, 2010) (emphasis in original) (quoting *Fitzgerald v. Roadway Express, Inc.*, 262 F.Supp.2d 849, 860 (N.D. Ohio 2003)). An individual or entity cannot be held liable for inducing a breach of contract when that individual or entity is a party to the contract. *Gunthorpe v. DaimlerChrysler Corp.*, 90 F. App'x. 877, 881 (6th Cir. 2004) (citing *Condon v. Body, Vickers & Daniels*, 649 N.E.2d 1259, 1265 (Ohio App. 8 Dist. 1994)).

Plaintiff alleges in support of her tortious interference claim that defendant tortiously interfered with plaintiff's doing business with defendant and with performance of the contract by hiring away employees of plaintiff and then cancelling the contract. (Doc. 4, at ¶ 2). Plaintiff and defendant were the sole parties to the purchase order, which is the only contract defendant allegedly interfered with. (Doc. 3-3). Plaintiff does not allege that defendant interfered with a business relationship or contract between plaintiff and a third party. Because Ohio law requires that the wrongful interference by the defendant must cause a third party to discontinue a business relationship or to breach a contract with another, plaintiff's complaint does not contain sufficient facts, accepted as true, to state a claim for tortious interference that is plausible on its face. Therefore, plaintiff's claims for tortious interference with contract and/or a business relationship should be dismissed under Fed. R. Civ. P. 12(b)(6).

**B. Plaintiff's Breach of Contract Claim**

To establish a claim for breach of contract under Ohio law, a plaintiff must establish (1) that a binding contract existed; (2) that the plaintiff fulfilled his obligations; (3) that the

5

defendant unlawfully failed to fulfill its contractual obligations; and (4) that the plaintiff suffered damages as a result of the breach. *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008) (citing *Lawrence v. Lorain County Cmty. Coll.*, 713 N.E.2d 478, 480 (Ohio App. 9 Dist. 1998)). The interpretation of a written contract is a matter of law for the court. *Alexander v. Buckeye Pipe Line Co.*, 374 N.E. 2d 146, syll. ¶ 1 (Ohio 1978) (superseded by statute on other grounds). Courts are to give contract terms their plain and ordinary meaning. *Lager v. Miller-Gonzalez*, 898 N.E.2d 666, 669 (Ohio 2008). If the contract language is clear and unambiguous on its face, the courts are not to employ rules of construction or go beyond the plain language of the agreement to determine the rights and obligations of the parties. *Brandon/Wiant Co. v. Teamor*, 708 N.E.2d 1024, 1028 (Ohio App. 8 Dist. 1998).

Plaintiff claims that defendant willfully breached the contract "wrongfully and without prior knowledge or notice." (Doc. 4, at ¶8). Insofar as the complaint alleges that defendant breached the contract by terminating it without prior notice or knowledge, the complaint fails to state a claim for relief. The plain language of the contract shows that plaintiff was not entitled to prior notice or knowledge of its cancellation by defendant. The contract unambiguously states at ¶ 11 that "UDS may at any time for any reason terminate this Order or any part hereof for its sole convenience." (Doc. 3-3, at 6). There is no other provision in the contract requiring defendant to give notice prior to terminating the contract. Thus, plaintiff has not stated a claim for breach of contract based on defendant's termination of the contract "without prior knowledge or notice."

The complaint does not allege facts to show that defendant breached the contract in any other manner. Plaintiff cannot rely on mere legal conclusions without any supporting factual

6

allegations to withstand a motion to dismiss. *Iqbal,* 129 S.Ct. at 1949. Accordingly, plaintiff's breach of contract claim should be dismissed under Fed. R. Civ. P. 12(b)(6).

**IT IS THEREFORE RECOMMENDED THAT:**

Defendant Uranium Disposition Services, LLC's motion to dismiss be **GRANTED** and this case be **TERMINATED** on the docket of this Court.

Date: 2/14/2011

Karen L. Litkovitz, Magistrate Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH ADKINS, dba
ADKINS COMPUTER SERVICE,
        Plaintiff,

vs.

URANIUM DISPOSITION SERVICES, LLC,
        Defendant.

Case No. 1:10-cv-460
Weber, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).